UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENERGY CONVERSION DEVICES
LIQUIDATION TRUST,

    Plaintiff,

v.                                       Case No. 13-14241

TRINA SOLAR LIMITED, et al.,

    Defendants.
                                   /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO TRANSFER**

On October 4, 2013, Plaintiff Energy Conversion Devices Liquidation Trust (ECD), the remnants of a bankrupt solar panel manufacturer, sued Chinese solar manufacturers and their American subsidiaries, Trina Solar Limited, Trina Solar (U.S.), Inc., Yingli Green Energy Holding Company Limited, Yingli Green Energy Americas Inc., Suntech Power Holdings Co., Ltd., and Suntech America, Inc., alleging antitrust violations under the Sherman Act and state law.  Plaintiff now moves to transfer this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404.  The motion has been fully briefed, and the court concludes a hearing is not necessary.  *See* E.D. Mich. LR 7.1(e)(2).  For the reasons stated below, the court will deny the motion.

**I.  BACKGROUND**

Before filing suit in this court, on October 11, 2012, Solyndra, LLC—another bankrupt solar panel manufacturer also represented by Plaintiff's counsel—filed a similar action against Defendants in the Northern District of California.  *Solyndra*

*Residual Trust v. Suntech Power Holdings Co.*, No. 12-05272 (N.D. Cal. Oct. 11, 2012). On March 8, 2013, Defendants moved to dismiss Solyndra's amended complaint. *Solyndra*, Dkt. # 74.  While the California motion to dismiss was pending, Plaintiff filed the present action in this court.  On March 31, 2014, the California court denied Defendants' motion to dismiss.  *Solyndra*, Dkt. # 87.  Shortly thereafter, Plaintiff filed the pending motion to transfer.

## II.  STANDARD

"The requirements for venue are set by statute, as are the remedies available for improper and inconvenient venue." *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 538 (6th Cir. 2002).  For civil actions, venue is proper in a judicial district where: (1) "any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "any defendant is subject to the court's personal jurisdiction with respect to such action," if "there is no district in which an action may otherwise be brought."  28 U.S.C. § 1391(b).

When a case is brought in the correct venue, a district court may still transfer it "to any other district or division where it might have been brought," when doing so serves "the convenience of parties and witnesses" and is "in the interest of justice."  28 U.S.C. § 1404(a); *see also United States v. P.J. Dick Inc.*, 79 F. Supp. 2d 803, 806 (E.D. Mich. 2000).  Courts are to weigh these considerations on an "individualized, case-by-case" basis. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting

*Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (quoting *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). The moving party bears the burden of demonstrating by a preponderance of the evidence that, "in light of these factors, 'fairness and practicality strongly favor the forum to which transfer is sought.'" *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003) (quoting *Thomas v. Home Depot U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001)).

### III. DISCUSSION

It is well established that, "§ 1404(a) should not create or multiply opportunities for forum shopping." *Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990). According to Defendants, "[t]his motion presents the unusual case in which Plaintiff seeks a transfer from its own chosen venue. The procedural history . . . makes Plaintiff's purpose clear—Plaintiff seeks to transfer this case to a court it now views as more favorable." (Dkt. # 28, Pg. ID 178.) The court agrees.

"[F]orum shopping looms as the principal concern where plaintiffs seek transfer." *Al Shimari v. CACI Int'l, Inc.*, 933 F. Supp. 2d 793, 799 (E.D. Va. 2013). As such, a motion for a change of venue "is not ordinarily granted at the request of the party who chose the forum in the first place."[1] *Grossman v. Schwarz*, 678 F. Supp. 440, 443

---

[1] Of course, "the right to a transfer under 28 U.S.C. § 1404(a) is available to a plaintiff as well as a defendant. A plaintiff is not bound by his choice of forums, if he later discovers that there are good reasons for transfer." *Smith v. ABN AMRO Mortgage Grp. Inc.*, 434 F. App'x 454, 465 (6th Cir. 2011) (citations and brackets

3

(S.D.N.Y. 1988); *see also Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 395 (2d Cir. 1992) ("Certainly, 'a plaintiff already has the option of shopping for a forum with the most favorable law," [*Ferens,* 494 U.S. at 527], before it makes a decision to initiate an action in a particular district. Once a plaintiff has commenced its action, however, its opportunity to search for a more conducive forum ordinarily is concluded."). Plaintiff argues in its reply that it does not seek to forum shop but instead "to avoid the enormous duplication of discovery, motion practice, and trial; to avoid the unnecessarily [sic] burden on the judicial system (and this Court) in having two identical actions pending in different jurisdictions; to avoid inconsistent results; and to avoid the expenditure of litigation costs by two bankrupt companies." (Dkt. # 32, Pg. ID 202.) Yet Plaintiff created the problems it says the parallel litigation creates. Plaintiff chose to file the present action in this court approximately one year after Solyndra LLC initiated its suit in California. It is no surprise that *Solyndra* is further along in the litigation process than the present action. Similarly, Plaintiff should have considered the possibility of inconsistent results and the expenditure of litigation costs when it initiated the instant action in this court.

It is of some interest that Plaintiff's transfer motion was filed only about two weeks after it attained a favorable result in the Northern District of California. Plaintiff argues that when it filed the complaint in early 2013 it had significant connections to Michigan but now has little contact with Michigan and thus that its motion simply reflects the "drastic changes" to its business stemming from liquidation. (Dkt. # 32, Pg. ID 202.)

---

omitted).  However, as discussed herein, Plaintiff has not demonstrated that it "discovered" any "good reasons" for transfer.

However, as Plaintiff's title—Energy Conversion Devices Liquidation Trust—suggests, it had already begun the liquidation process when it initiated suit and was the entity in the best position to predict its future circumstances. Indeed, as Defendants point out, "[a]ll of the facts that Plaintiff cites in support of its motion to transfer were present and known when it filed its Complaint six months ago. The sole intervening change . . . is that Defendants' motion to dismiss the Northern District of California action was denied." (Dkt. # 28, Pg. ID 176.) Despite its protestations, the timing of Plaintiff's transfer motion leads the court to suspect that it filed its transfer motion in attempt to forum shop. *Cf. Williams Advanced Materials, Inc. v. Target Tech. Co.*, No. 03-CV-276-A, 2007 WL 2245886, at *6 (W.D.N.Y. Aug. 1, 2007) ("While the motion is being made under the pretense that it is more convenient for the moving parties, the true motivation behind it is 'judge-shopping.'"). Plaintiff's "obviously improper motivations provide an adequate basis for denying the motion [to transfer] in its entirety." *Id.* at *6; *see also Cohen v. Waxman*, 421 F. App'x 801, 803–04 (10th Cir. 2010) ("Only now that [plaintiff] knows that he will lose in that forum does he seek another. . . . Only a neutral reason—one not designed to favor one party over another—can justify a transfer."); *In re New York Trap Rock Corp.*, 158 B.R. 574, 577 (S.D.N.Y. 1993) ("Forum shopping efforts pursued by awaiting a decision relevant to the merits and then bypassing or filing a motion to transfer should not be rewarded with success."); *Bobosky v. Adidas AG*, No. CV 10-630-PK, 2010 WL 4853295, at *6 (D. Or. Oct. 8, 2010) ("[P]laintiffs' motion to transfer appears motivated by forum shopping, not by any changed circumstances warranting a transfer."). Nonetheless, the court will briefly address whether a transfer would serve

"the convenience of parties and witnesses" and whether it would be "in the interest of justice."

Plaintiff has not met its burden to show that the Northern District of California is a more convenient forum than the Eastern District of Michigan. To support his contention that California would be a more convenient forum for the parties and witnesses, Plaintiff makes only general statements. For example, Plaintiff argues that "because Defendants are all located in California, most of Defendants' witnesses are likely to be there." (Dkt. # 16, Pg. ID 91.) Similarly, Plaintiff says that since filing this suit, ECD has closed its office in Troy, Michigan and terminated four of five executives. Although these facts (and others asserted) may be true, Plaintiff provides no evidence to support such vague allegations and thus has not met its burden. *See, e.g., Mosby v. Greyhound Lines, Inc.*, No. 06-13157, 2006 WL 3206069, at *3 (E.D. Mich. Nov. 3, 2006) (citations omitted) ("A motion to transfer will be denied upon a mere allegation that witnesses are necessary without stating who they are and what their testimony will cover."); *Electronic Transaction Network v. Katz*, 734 F. Supp. 492, 501–02 (N.D. Ga.1989) (moving party must make a specific showing of inconvenience to witnesses to transfer under 28 U.S.C. § 1404(a)); *Shapiro v. Merrill Lynch & Co.*, 634 F. Supp. 587, 590 (S.D. Ohio 1986) (moving party must specify the number of witnesses that would be inconvenienced, and the severity of the inconvenience for § 1404(a) transfer).

Plaintiff also has not met its burden to show that the interest of justice favors the Northern District of California. Where a defendant seeks a transfer because the Plaintiff engaged in forum shopping when initially filing suit, courts regularly grant a defendant's transfer motion. *See, e.g.*, *C-Mart, Inc. v. Metro. Life Ins. Co.*, No. 4:13CV00052AGF,

2013 WL 2403666, at *5 (E.D. Mich. May 31, 2013) ("[T]he Court finds that the interests of justice weigh heavily in favor of transfer because Plaintiff's choice of forum creates the perception of impermissible forum shopping."); *Lab Corp. of Am. Holdings v. NLRB*, 942 F. Supp. 2d 1, 5 (D.D.C. 2013) (internal quotation marks omitted) ("It is not in the interest of justice to encourage, or even allow, a plaintiff to select one district exclusively or primarily to obtain or avoid specific precedents . . . ."). Thus, by analogy, granting Plaintiff's motion for transfer would allow Plaintiff to engage in forum shopping and thereby disserve the interest of justice.

Plaintiff's motion to transfer will be denied.

## IV.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion to transfer (Dkt. # 16) is DENIED.

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated:  June 18, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 18, 2014, by electronic and/or ordinary mail.

          s/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522