## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ENERGY CONVERSION DEVICES
LIQUIDATION TRUST, BY AND THROUGH
ITS LIQUIDATING TRUSTEE, JOHN MADDEN,

      Plaintiff,

v.

                                      Case No. 13-14241

TRINA SOLAR LIMITED, et al.,

      Defendants.

_____/

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND OR ALTER JUDGMENT AND FOR LEAVE TO FILE AN AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A NEW VERSION OF EXHIBIT A

On October 31, 2014, the court issued an Opinion and Order Granting Defendants' Joint Motion to Dismiss Plaintiff's Complaint. (Dkt. # 40.) Plaintiff Energy Conversion Devices Liquidation Trust subsequently filed a Motion for Reconsideration, which the court denied in an order dated August 20, 2015. (Dkt. # 56.) Now before the court is Plaintiff's Motion to Amend or Alter Judgment and for Leave to File an Amended Complaint (Dkt. # 45), in which Plaintiff argues that the court should amend its judgment dismissing the case in light of new evidence and in order to prevent manifest injustice, and grant leave to Plaintiff to file an amended complaint which incorporates newly acquired evidence. Plaintiff also filed a Motion for Leave to File a New Version of Exhibit A, which seeks to update Plaintiff's proposed amended complaint by, *inter alia*, removing Suntech Power Holdings Co., Ltd. and Suntech America, Inc. as defendants. (Dkt. # 52.) Defendants Trina Solar Limited *et al.* responded to Plaintiff's motion to

amend or alter judgment in its Opposition to Plaintiff's Motion for Reconsideration.  (Dkt. # 47, Pg. ID 780-82.))  The court's October 31, 2014 order set forth the general factual and procedural history of this case, and familiarity with such history is presumed.  The court held a hearing on this motion on August 20, 2015.  For the reasons stated on the record and below, Plaintiff's motions will be denied.

## I.  STANDARD

Plaintiff's motion is brought pursuant to Federal Rules of Civil Procedure Rules 59(e) and 15(a).  Plaintiff essentially requests that the court reopen the case and permit Plaintiff to amend its complaint in light of newly discovered evidence which both permits Plaintiff to now adequately plead a violation of § 1 of the Sherman Act and "demonstrates that it would be manifestly unjust to deny [Plaintiff] the opportunity to pursue its claims against Defendants."  (Dkt. # 45, Pg. ID 513.)  When plaintiffs "argue that [] judgment should be altered to allow them to amend their complaint based on newly discovered evidence, which allegedly turned up for the first time during discovery . . . , a district [would have] to grant relief under [both] Rule 15 *and* Rule 59."  *Leisure Caviar, LLC v. U.S. Fish & Wildlife Werv.*, 616 F.3d 612, 615 (6th Cir. 2010).  Rule 59(e) "[m]otions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice."  *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).  "Under Rule 15, a court may grant permission to amend a complaint 'when justice so requires' and in the normal course will 'freely' do so."  *Leisure Caviar,* 616 F.3d at 615.  "A district court, generally speaking, has considerable discretion in deciding whether to grant either type of motion . . . ."  *Id.*

2

Although motions to amend the complaint are generally "freely" allowed, a motion to alter or amend a judgment and amend a complaint is subject to a higher standard. Courts reviewing a motion to amend a complaint filed after judgment has been entered "must 'consider[ ] the competing interest of protecting the finality of judgments and the expeditious termination of litigation.'" *Id.* at 615-616 (quoting *Morse v. McWhorther*, 290 F.3d 795, 799 (6th Cir. 2002). Accordingly, "[w]here a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and Rule 59 inquiries turn on the same factors." *Morse*, 290 F.3d at 799. "Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar*, 616 F.3d at 616.

## II. DISCUSSION

Plaintiff asserts two grounds for granting its motion to amend or alter judgment. Plaintiff first argues that, as a result of discovery produced after the court entered judgment, Defendants now have evidence which provides a basis for pleading a dangerous probability of recoupment. Second, because of the new evidence, Plaintiff now has evidence of a concerted predatory pricing scheme and amending or altering the judgment is necessary to prevent the manifest injustice caused by the predatory pricing scheme. These arguments are intertwined inasmuch as the "manifest injustice" argument turns largely on the timing and circumstances of Plaintiff's discovery. Any purported injustice caused by denying Plaintiff's motion must be weighed against "the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Leisure Caviar,* 616 F.3d at 615-616 (quoting *Morse v. McWhorther*, 290 F.3d 795, 799 (6th Cir. 2002). As the court explained in *Leisure Caviar*:

3

If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision. That would sidestep the narrow grounds for obtaining post-judgment relief under Rules 59 and 60, make the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities.

*Id.* at 616 (internal quotation marks and citations omitted).

Thus, in considering Rule 15 and 59 motions, courts "ought to pay particular attention to 'the movant's explanation for failing to seek leave to amend prior to the entry of judgment.'" *Id.* (quoting *Morse*, 290 F.3d at 800.) In order to protect the finality of judgments and prevent litigants from getting extra bites at the apple, Rule 59(e) motions must not rely on "information readily available during the prior proceedings." *Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. A'ppx 668, 672 (6th Cir. 2003). "Such motions cannot . . . be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the [previous] motion." *Id.*; *see GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) ("To constitute 'newly discovered evidence,' the evidence must have been previously unavailable."). Likewise, "[a] plaintiff cannot use a Rule 59 motion (or for that matter a post-judgment Rule 15 motion) 'to raise arguments which could, and should, have been made before judgment issued.'" *Leisure Caviar*, 616 F.3d at 616 (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Here, Plaintiff seeks to amend its complaint to allege a dangerous probability of recoupment and, thus, cure the defect in the original complaint which led to its dismissal. The original proposed amended complaint alleges, *inter alia*:

99. The steady and sustained artificially low pricing and resulting destruction of American commerce resulted in Defendants having power and control over

4

entry and price so that Defendants are able to raise prices and thus injure consumers. Defendants collectively control 80% of the relevant market, a monopoly by definition. And in fact, recently discovered evidence shows that Defendants are now reaping the benefits of their unlawful scheme. Recent discovery confirms that pricing for Tier-1 Chinese producers (which Defendants are a part) has flat-lined, and in some instances, increased, since early 2013.

100. Both Trina [(Trina Solar Limited and Trina Solar (U.S.), Inc.)] and Yingli ([Yingli Green Energy Holding Company Limited and Yingli Green Energy Americas Inc.)] Defendants' most recent 20-F filings confirm that gross profits increased from 2012 to 2013. In short, Defendants are in the early stages of recouping their losses. Over the long term, as a result of Defendants' illegal scheme, American consumers will pay more than they would in a competitive market unhinged from Defendants' scheme.

(Dkt. # 46 (Sealed), Pg. ID 739-40.)

The updated proposed amended complaint alleges substantially similar facts as well as additional facts related to Defendants' purported dangerous probability of recoupment.[1]

---

[1]The updated proposed amended complaint alleges, *inter alia*:

104. The steady and sustained artificially low pricing and resulting destruction of American commerce resulted in Defendants having power and control over entry and price so that Defendants are able to raise prices and thus injure consumers. Defendants collectively control 80% of the relevant market, a monopoly by definition. And in fact, Defendants are now reaping the benefits of their unlawful scheme. Pricing for Tier-1 Chinese producers (in which Defendants are the primary players) has flat-lined, and in some instances, increased, since early 2013.

105. Both Trina [(Trina Solar Limited and Trina Solar (U.S.), Inc.)] and Yingli [(Yingli Green Energy Holding Company Limited and Yingli Green Energy Americas Inc.)] Defendants' 20-F filings confirm that gross profits increased from 2012 to 2013.

106. Following Solyndra's failure and that of a dozen other American solar companies, Trina's CFO reported at the 3rd Quarter 2012 earnings call that he anticipated average solar prices would be flat or slightly up going forward. Indeed, Trina's Chiarman publicly predicted in 2014 that "*most solar*

5

(Dkt. # 53 (Sealed), Pg. ID 890, 892.)

Assuming, without deciding, that Plaintiff's amended complaint adequately pleads recoupment and state a claim under § 1 of the Sherman Act and the Michigan Antitrust Reform Act § 445.772, the court nonetheless finds that Plaintiff has failed to set forth sufficient grounds for granting its Rule 15 and 59 motion.

If Plaintiff were capable of pleading similar allegations related to Defendants' purported dangerous probability of recoupment before judgment was entered but chose not to file a Rule 15 motion to amend its complaint, then the court would find no manifest injustice in denying Plaintiff's instant motion, out of respect for the finality of judgments and to prevent plaintiffs from having multiple bites at the apple. Alternatively, were Plaintiff unable to plead similar allegations prior to entry of judgment—without violating Federal Rules of Civil Procedure Rule 11(b) or for some other reason—such circumstances might provide a basis for granting the motion. *See* Fed. R. Civ. P. 11(b) (requiring that "the factual contentions [contained in pleadings] have evidentiary support

---

*manufacturers would vanish by 2015*" – demonstrating that Defendants were in fact beginning to reap the benefits of their conspiratorial behavior.

107. These statements are consistent with Trina's 2008 five-year plan, which predicted that Defendants would have prices within $0.01 of each other in the future and that Defendants' market share would increase dramatically . . . . . . .

111. Defendants are currently in the early stages of recouping their losses. Over the long term, as a result of Defendants' illegal scheme, American consumers will pay more for solar panels than they would have in a competitive market unhinged from Defendants' scheme.

(Dkt. # 53 (Sealed), Pg. ID 891-92.)

6

or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery").

According to Plaintiff, Defendants began producing documents in response to discovery requests between July 21 and July 29, 2014.  (Dkt. # 45, Pg. ID 514.)  Defendants moved to dismiss Plaintiff's complaint on April 18, 2014 (Dkt. # 17), and Plaintiff filed a response on July 23, 2014, with a corrected version filed the following day.  (Dkt. ## 37, 38.)  The court entered a judgment granting Defendants' motion and dismissing Plaintiff's complaint on October 31, 2014.  (Dkt. ## 40, 41.)    What is not clear from Plaintiff's motion is when Plaintiff discovered the new evidence on which its proposed amended complaint is based and whether it was discovered early enough for Plaintiff to file a Rule 15 motion prior to the court's entry of judgment.  Likewise, it is unclear from the motion whether Plaintiff had some other basis for reasonably believing that discovery would uncover a dangerous probability of recoupment prior to the entry of judgment.  The court held a hearing on August 20, 2015 to address these issues.

Plaintiff conceded during the hearing that Plaintiff had access to general pricing information as of the date of the filing of its original complaint, including Defendants' average United States selling prices, which were publicly available.  Plaintiff has not identified the specific dates on which it discovered information which would have purportedly permitted Plaintiff to plead recoupment consistently with the requirements of Rule 11.  Moreover, the recently discovered evidence shows that pricing for "Tier-1 Chinese producers has flat-lined, and in some instances, increased, since early 2013" and that four of the defendants have increased profits from 2012 to 2013, whereas the other two defendants are involved in bankruptcy proceedings.  (Dkt. # 46 (Sealed), Pg.

7

ID 739-40; Dkt. # 53 (Sealed), Pg. ID 856, 890-91.)  The court finds it unlikely that this newly discovered pricing and profit data would have any effect on whether Plaintiff could allege a dangerous probability of recoupment while meeting the requirements of Rule 11.  The information related to increases in profit and pricing discussed in both proposed amended complaints does not noticeably increase Plaintiff's basis for alleging a dangerous probability of recoupment beyond the information apparently available to Plaintiff before the court entered judgment.  This is in large part because recoupment would require Defendants to maintain supracompetitive prices long enough to recoup their losses sustained as a result of their alleged predatory pricing scheme (with interest).  Evidence showing recent increases in profit and pricing would have minimal, if any, impact on whether Plaintiff could plead a dangerous probability of recoupment—that is, the intention and capability of maintaining supracompetitive prices—particularly in light of the fact that Plaintiff already had access to average sales information as well as all of the allegations set forth in the original complaint.

Plaintiff has not demonstrated that it did not have a reasonable basis for pleading a dangerous probability of recoupment prior to the entry of judgment.  Rather, based on Plaintiff's filings and the August 20, 2015 hearing, it appears that Plaintiff did not allege a dangerous probability of recoupment in its original complaint; or seek to amend its complaint prior to the court's October 31, 2014 order, only because Plaintiff believed it was not required to do so for the reasons stated in its response to the motion to dismiss. (Dkt. # 38.)  The court rejected Plaintiff's arguments that it was not required to plead a dangerous probability of recoupment in its order granting Defendant's motion to dismiss (Dkt. # 40) and again in its order denying Plaintiff's motion for reconsideration (Dkt. #

8

56).  Plaintiff now attempts a third bite at the apple by arguing that prior to the entry of

judgment it could not have plead a dangerous probability of recoupment earlier.  In sum,

Plaintiff has not demonstrated that it was unable to seek to file an amended complaint

setting forth similar allegations to those contained in the instant proposed amended

complaints related to Defendants' dangerous probability of recoupment.  Therefore, the

court finds that Plaintiff has not shown that its Rule 15 and 59 motion should be granted

either in light of newly discovered evidence or in order to prevent manifest injustice.

### III.  CONCLUSION

For the reasons stated on the record and above,

IT IS ORDERED that Plaintiff's Motion to Amend or Alter Judgment and for

Leave to File an Amended Complaint (Dkt. # 45) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File a New

Version of Exhibit A to Plaintiff's Motion to Amend or Alter Judgment and for Leave to

File an Amended Complaint (Dkt. # 52) is DENIED.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 4, 2015


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, September 4, 2015, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522